United States District Court
Southern District of Texas
**ENTERED**
July 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID JAMES MIZELL, § | |
| TDCJ #410266, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-16-0457 |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice - Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent.[1] § | |

## MEMORANDUM OPINION AND ORDER

State inmate David James Mizell has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging an adverse decision by the Texas Board of Pardons and Paroles. The respondent has filed a Motion for Summary Judgment with Brief in Support ("Motion for Summary Judgment") (Docket Entry No. 11), along with a copy of the state court record. Mizell has filed an Objection to Respondent's Motion for Summary Judgment ("Objection") (Docket Entry No. 16). After considering all of the pleadings, the state court record, and the

---

[1]Effective May 1, 2016, Lorie Davis succeeded previous respondent William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

applicable law, the Court will grant respondent's Motion and will dismiss this action for the reasons explained below.

## I. Background

Mizell is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of two felony convictions. On September 23, 1985, Mizell was convicted of aggravated sexual assault with a deadly weapon in cause number 426573 and sentenced to life imprisonment.[2] On April 14, 1986, Mizell was convicted and sentenced to life imprisonment for aggravated sexual assault with a deadly weapon in cause number 426723.[3]

Mizell does not challenge the validity of his underlying convictions. Instead, he challenges a decision made by the Texas Board of Pardons and Paroles (the "Parole Board") on July 7, 2015, to deny him release on parole.

Mizell contends that the Parole Board violated the Ex Post Facto Clause of the United States Constitution and denied him due process of law when it retroactively applied a new law during his most recent parole review.[4] In particular, Mizell claims that the Parole Board applied § 508.046 of the Texas Government Code, which requires certain inmates to obtain five votes for parole before

---

[2]Judgment, Cause No. 426573, Docket Entry No. 12-2, pp. 85-86.

[3]Judgment, Cause No. 426723, Docket Entry No. 12-3, pp. 52-53.

[4]Petition, Docket Entry No. 1, p. 6.

-2-

they can be approved.[5] Under the law in effect at the time of his offense in 1985, an inmate needed only two votes to be approved for parole pursuant to Article 42.18, § 7 of the Texas Code of Criminal Procedure.[6] Reasoning that the five-vote requirement found in § 508.046 of the Texas Government Code makes it harder to achieve parole, Mizell argues that the Parole Board violated his rights by retroactively applying a new law that was not in effect at the time of his underlying offense.[7]

Mizell's claims were rejected by the Texas Court of Criminal Appeals on state habeas corpus review.[8] The respondent has filed a Motion for Summary Judgment, arguing that Mizell's claims do not merit relief under the governing federal habeas corpus standard of review.[9]

## II. Standard of Review

To the extent that the petitioner's claims were adjudicated on the merits in state court, his claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA a

---

[5] Id. at 7.

[6] Id.

[7] Id. at 7-8.

[8] Action Taken on Writ No. 18,408-04, Docket Entry No. 12-5, p. 1.

[9] Motion for Summary Judgment, Docket Entry No. 19.

federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' . . . [which] 'demands that

state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)); see also White, 134 S. Ct. at 1702.

### III. Discussion

#### A. There is No Right to Parole in Texas

To the extent that Mizell contends he was denied parole in violation of due process, the respondent correctly notes that there is no right to parole under the Due Process Clause, which does not include a right to conditional release before the expiration of a valid sentence. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979). The Fifth Circuit has repeatedly recognized that the Texas parole statutes create no constitutional right to release on parole because they create no expectancy of early release. See Williams v. Briscoe, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, but rather creates nothing more than a hope of parole); see also Allison v. Kyle, 66

F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995); Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993); Creel v. Keene, 928 F.2d 707, 712 (5th Cir. 1991). Thus, it is settled that Texas inmates "have no protected liberty interest in parole." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Because Mizell cannot demonstrate that he was denied parole in violation of a constitutionally protected liberty interest, he cannot prevail under a due process theory. To the extent that this claim was rejected on state habeas corpus review, Mizell does not show that the state court's decision was contrary to or an unreasonable application of clearly established federal law. Accordingly, he is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) on this issue.

### B. There Was No Ex Post Facto Violation

Mizell's primary claim is that he was denied parole in violation of the Ex Post Facto Clause of the United States Constitution. Mizell notes that when he was convicted of aggravated sexual assault and sentenced to life imprisonment in 1985 and 1986, the Texas Code of Criminal Procedure provided for review by a parole panel of three members:

> In matters of parole and release to mandatory supervision, the board members and commissioners may act in panels comprised of three persons in each panel. The composition of the respective panels shall be designated by the board. A majority of each panel shall constitute

>  a quorum for the transaction of its business, and its decisions shall be by a majority vote.

Tex. Code Crim. Proc. Ann. art. 42.18, § 7 (West 1986), previously codified at Tex. Code Crim. Proc. Ann. art. 42.12 § 14A(e) (West 1981). This provision was amended in 1995, and subsequently re-codified in 1997 at § 508.046 of the Texas Government Code, which now requires a super-majority of votes for certain offenders to attain parole:

>  To release on parole an inmate who was convicted of . . . [aggravated sexual assault under Texas Penal Code § 22.021] . . . all members of the board must vote on the release on parole of the inmate, and at least two-thirds of the members must vote in favor of the release on parole. A member of the board may not vote on the release unless the member first receives a copy of a written report from the department on the probability that the inmate would commit an offense after being released on parole.

Tex. Gov't Code § 508.046,[10] codified as amended by Acts 1997, 75th Leg., ch. 165, § 12.01 (eff. Sept. 1, 1997).[11] Because § 508.046 was not in effect when Mizell was convicted of aggravated sexual

---

[10]Under this provision the Parole Board has included as many as eighteen members, but since 2004 it has been comprised of seven members. See Tex. Gov't Code § 508.031 (Vernon 2004).

[11]Mizell contends in one portion of his Petition that § 508.046 only applies to offenses that occurred after September 1, 2011. See Petition, Docket Entry No. 1, p. 7. Mizell is mistaken. See Bishop v. Owens, 2014 WL 4260520, * 7 (Tex. App. — Houston [1st Dist.] Aug. 28, 2014, no pet.) (noting that since 1995 the provision found in § 508.046 has applied retroactively to offenders convicted of aggravated sexual assault) (citing Act of May 29, 1995, 74th Leg., R.S., ch. 250, § 2, 1995 Tex. Gen. Laws. 2176, 2176). Therefore, the court does not address this contention further.

assault in 1985, Mizell contends that the Parole Board violated the Ex Post Facto Clause of the United States Constitution by applying this provision to his parole review in 2015.

Article I, Section 10 of the United States Constitution provides that no state shall pass an Ex Post Facto law, meaning that states are prohibited from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 101 S. Ct. 960, 964 (1981) (citations omitted). Thus, the following two elements must be present for an Ex Post Facto violation to occur: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." Warren v. Miles, 230 F.3d 688, 692 (5th Cir. 2000) (citing California Dep't of Corrections v. Morales, 115 S. Ct. 1597, 1603 (1995) (citation omitted)); see also Garner v. Jones, 120 S. Ct. 1362, 1370 (2000).

The state habeas corpus court found that Mizell failed to establish an Ex Post Facto violation because the retrospective procedures used by the Parole Board during his parole review "did not increase the applicant's punishment, substantially change the likelihood of his release on parole, or create 'a significant risk

of prolonging [his] incarceration,'"[12] relying on Christopher v. State, 2008 WL 5423236 (Tex. App. — Austin Dec. 31, 2008, no pet.) (not designated for publication) (quoting Garner v. Jones, 529 U.S. 244, 251-56, 120 S. Ct. 1362, 1368-1370 (2000)).

Addressing the same parole review provisions referenced by Mizell, the Fifth Circuit has held that retroactive application of the Texas Government Code § 508.046 does not violate the Ex Post Facto Clause because it does not create a sufficient risk of increased confinement. See Wallace v. Quarterman, 516 F.3d 351, 355-56 (5th Cir. 2008). The Fifth Circuit characterized § 508.046 as a discretionary rule governing parole suitability, not parole eligibility. See id. at 355. Following the decision in Wallace, the Fifth Circuit has repeatedly rejected challenges brought by inmates concerning the retroactive application of § 508.046. See Clark v. Owens, 371 F. App'x 553, 554-55 (5th Cir. 2010); see also Nelson v. Pardons and Parole Chairman, 358 F. App'x 600, 601 (5th Cir. 2010) (stating that appellant's "ex post facto claim is similarly frivolous, as he has not shown that the retroactive application of the complained of parole procedures will result in a longer period of incarceration than those procedures in effect on the date he committed the offense"); Goodrich v. Livingston, 294 F. App'x 983, 985 (5th Cir. 2008) (stating that the "Parole Board

---

[12]Findings of Fact, Conclusions of Law and Order, Docket Entry No. 12-6, pp. 36-37.

did not violate the Ex Post Facto Clause by applying section 508.046 to [the appellant] because it did not alter the definition of the crime for which he was convicted nor increase his punishment").

In light of this authority, Mizell has not established that application of § 508.046 violated the Ex Post Facto Clause.[13] Mizell does not otherwise demonstrate that the state court's decision to deny relief was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. Accordingly, Mizell is not entitled to relief on this issue.

Because Mizell has failed to establish a valid claim for relief, Respondent's Motion for Summary Judgment will be granted and the Petition will be denied.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional

---

[13] Mizell argues that he is entitled to relief based on the decision in Kyles v. Garrett, 222 F. App'x 427, 429 (5th Cir. 2007), which remanded a case to district court to consider an Ex Post Facto claim under 42 U.S.C. § 1983. See Objection, Docket Entry No. 16, p. 1. In subsequent proceedings, the district court rejected the claim on the merits and the Fifth Circuit affirmed that decision. See Kyles v. Garrett, 444 F. App'x 814 (5th Cir. 2011). Accordingly, Mizell's reliance on Kyles is misplaced.

right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be

-11-

resolved in a different manner, a certificate of appealability will not issue in this case.

### V. Conclusion and Order

The court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2. David James Mizell's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 28th day of July, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE